**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-14688 |
| Hilda Elena Harispe, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| Janet M. Nesse | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Case No.: 19-00269 |
| v. | ) | |
| | ) | |
| Hilda Elena Harispe | ) | |
| Patricio Antonio Geldre-Aburto | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | _____ |

**DEFENDANTS' OPPOSITION TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**
**AS TO COUNTS VII AND VIII OF COMPLAINT**

HERE COME, Defendants, HILDA ELENA HARISPE and PATRICIO ANTONIO GELDRE-ABURTO, hereinafter referred to as "Defendant Harispe" and "Defendant Aburto," respectively and collectively referred to as "Defendants," and file their Opposition to Trustee's Motion for Summary Judgment as to Counts VII and VIII of Complaint and state the following in support thereof:

**I.        INTRODUCTION**

This adversary proceeding arises from Debtor's attempts to protect her family home, which is now the subject of this dispute, as the only outcome that the Trustee seeks here will result in leaving Debtor and her family without a home.  Debtor filed this bankruptcy case as a result of garnishment by creditor Statebridge Company, LLC of her bank accounts.  *See Affidavit of Hilda Elena Harispe.* This deficiency judgment was the result of an unfair and below fair market

foreclosure sale price of a separate piece of real estate Debtor formerly owned. *Id*. Debtor was never properly served with the deficiency judgment proceeding and transferred the property to herself and her husband to protect their marital property and family home. *Id*. Debtor misunderstood the meaning of "transfer" on the Statement of Financial Affairs and when the deed to the property was submitted to the Trustee, the Debtor expected a communication from the Trustee indicating any problems with the transfer to her husband. Instead, this adversary proceeding was filed as a response. *See Defendant's Answer,* ¶ 15.

## II.    STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. On January 8, 2019, Statebridge Company, LLC ("Statebridge") obtained a judgment in the Circuit Court for Garrett County, Maryland, against the Debtor in the principal amount of $92,056.54**.**

2. Prior to February 22, 2019, the Debtor owned property located at 21115 Virginia Pine Terrace, Germantown MD 20876 ("Property"), located in Montgomery County, Maryland, individually, in fee simple. The Debtor has scheduled the value of the Property as $535,000.00, subject to a $287,896.00 lien.

3. On February 22, 2019, the Debtor transferred the Property to herself and Defendant Aburto, as tenants by the entirety ("Transfer").

4. Statebridge recorded its judgment in Montgomery County, Maryland on April  4, 2019.

5. On April 8, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code. The Debtor converted to Chapter 7 on April 22, 2019.

6. From the time of the Transfer through today, the Debtor has been married to Defendant Aburto.

7. Defendant Harispe disputes the validity of Statebridge's debt on her Amended Schedule E/F. ECF-39.

8. Statebridge has filed a claim in this case for $94,357.96. Claim 2-1.

### III.   <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). While purely legal questions are always capable of decision at the summary judgment stage, a genuine issue of material fact must be reserved for trial. *Willingham v. Crooke,* 412 F.3d 553, 559 (4th Cir. 2005).

The Trustee argues that there is no genuine dispute as to any material fact that the Trustee may avoid the Transfer pursuant to 11 U.S.C. 544(b)(1) and Md. Fam. Law Code § 4-301(d)(2) because Defendant Harispe transferred the Property to herself and Defendant Aburto in prejudice of Statebridge.  The Trustee argues that the Transfer prejudices Statebridge as a matter of law.  This is incorrect.  Defendant Harispe stated in her Answer that Defendant Aburto had always made the mortgage payments and therefore the Transfer was not made for no consideration and based on this fact, there was no prejudice to Statebridge, in addition to the fact that Debtor disputes the validity of the Statebridge debt on her schedules.

### IV.   <u>ARGUMENT</u>

### A.  THERE EXISTS A DISPUTE OF MATERIAL FACT AS TO WHETHER DEFENDANT HARISPE'S TRANSFER OF THE PROPERTY RESULTED IN PREJUDICE TO STATEBRIDGE

Trustee argues that Defendant Haripse's transfer of the Property to herself and Defendant Aburto prejudices Statebridge as a matter of law.  11 U.S.C. 544(b)(1) states:

> Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an

unsecured claim that is allowable under section 502 of this title or that is
not allowable only under section 502(e) of this title.

Trustee argues that pursuant to *In re Abell*, 549 B.R. 631, 663 (Bankr. D. Md. 2016), Trustee can

avoid the Transfer because it is avoidable under Maryland Law, specifically Md. Fam. Law Code

§ 4-301(d)(2), which provides:

> (2) (i) A transfer of property between spouses is invalid if made in
> prejudice of the rights of present creditors.
> (ii) A claim under this paragraph shall be asserted within 3 years after
> the transfer or be barred absolutely.
> For purposes of this paragraph, all claims are considered due and matured.

This specific Maryland provision requires that the transfer result in prejudice to the **rights of**

**present creditors**.  There exists a material dispute as to whether there was any prejudice to

Statebridge, evidenced by the facts that Defendants aver in their affidavits, specifically that

Defendant Aburto made the down payment to the Property and has always made the mortgage

payments and that Statebridge sold the Property for an unfair foreclosure sale price. *See*

*Defendants' Affidavits*. Courts have recognized the ability for debtors to engage in pre-bankruptcy

planning.  *Addison v. Seaver* (In re Addison), 540 F.3d 805 (8th Cir.2008); *In re Wilmoth*, 397 B.R.

915 (B.A.P. 8th Cir., 2008).  Defendant Harispe has disputed Statebridge's debt on her Amended

Schedule E/F.  ECF-39.  Defendant Harispe has averred in her affidavit the basis for her dispute

being that Statebridge sold her former real estate property located at 1906 Mosser Road, McHenry,

MD 21504 for an unfair foreclosure sale price far below fair market value, at $64,967.00, and then

sold the Property to a third party for $119,000, causing an inflated deficiency value.  *See Affidavit*

*of Hilda Elena Harispe*.  Since Defendant Harispe is disputing the Statebridge Debt, any **rights of**

**present creditors**, i.e. Statebridge, in accordance with Md. Fam. Law Code § 4-301(d)(2), are

being disputed and this Court cannot determine as a matter of law that the Transfer resulted in

prejudice to Statebridge. This is a dispute of material fact that must be considered after a full evidentiary hearing.

### B. THIS COURT CANNOT DISALLOW DEFENDANT HARISPE'S EXEMPTIONS WITHOUT NOTICE AND HEARING

Maryland Local Bankruptcy Rule 4003-1("LBR 4003-1") provides the following:

> <u>Required Notice</u>. An objection to the list of property claimed as exempt under § 522 of the Bankruptcy Code must contain conspicuous notice that: (1) any opposition to the objection must be filed and served within twenty-eight (28) days after the objection was served; and (2) the court may rule upon the objection and any response thereto without a hearing.

Trustee is requesting that this Court disallow Defendant Harispe's exemption in the Property as a matter of law, such relief requested circumventing the requirement of a 28-day response period after notice of an objection. The Trustee must properly serve Defendant Harispe with a notice of objection. This Court cannot disallow Defendant Harispe's exemption in a summary judgment motion.

In any event, this Court cannot grant Count VIII of Trustee's Complaint as a matter of law because there is a dispute of material fact as to whether the Transfer prejudiced Statebridge, which is the basis of the Trustee's avoidance powers under 11 U.S.C. 544(b)(1). Since there is dispute of material fact as to "prejudice," this Court cannot grant summary judgment as to Count VII of Trustee's Complaint. Since summary judgment as to Count VII is not proper, then summary judgment as to Count VIII cannot follow.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request that this Honorable Court deny Trustee's Motion for Summary Judgment as to Counts VII and VIII of Trustee's Complaint, and grant Defendants any other relief it deems proper.

Respectfully submitted,


/s/Diana Carolina Valle
Diana Carolina Valle, # 18377
The Valle Law Firm, LLC
10411 Motor City Drive, Ste 750
Bethesda, MD 20817
301-760-4204
diana.valle@vallelawfirm.com
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 30th day of August, 2019 via cm/ecf electronic delivery notification system to counsel for the Trustee at Justin Philip Fasano, jfasano@mhlawyers.com.

    /s/ Diana C. Valle_____
    Diana C. Valle