

LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: Hilda Elena Harispe, | * | CASE NO.: 19-14688 |
| | * | CHAPTER 7 |
| DEBTOR | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Janet M. Nesse, Plaintiff, | | |
| | * | Adversary No.: 19-00269 |
| v. | | |
| | * | |
| Hilda Harispe, et al., Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF DECISION

Before the Court is the motion for summary judgment filed by plaintiff Janet Nesse, ECF 8, seeking summary judgment on Counts VII and VIII, as well as the Opposition filed by Patricio Antonio Geldre-Aburto and Hilda Harispe, ECF 9, the Response filed by Plaintiff Nesse, ECF 12, and the defendants' Response, ECF 13. A hearing was held on December 17, 2019.

Plaintiff argues that the transfer of the property located at 21115 Virginia Pine Terrace, Germantown, MD 20876 from Debtor/Defendant Hilda Harispe to herself and her husband, co-defendant Patricio Geldre-Aburto, was an avoidable transfer under 11 U.S.C. § 544 and Maryland Family Law Code § 4-301(d)(2). Plaintiff argues that this transfer was made in prejudice of at least one creditor existing at the time of the transfer and should be avoided by this Court. Plaintiff also

argues that Debtor cannot assert an exemption in the property once it is returned to the estate because Debtor does not meet the requirements of 11 U.S.C. § 522(g). In response, Defendants argue that they were not properly served with the deficiency judgment that is the basis for one of the creditors' claims in the main bankruptcy case, that this particular creditor—Statebridge—was not prejudiced because its claim is invalid, and that this Court cannot disallow any exemptions without notice and a hearing, pursuant to Maryland Local Bankruptcy Rule 4003-1. As is explained more fully below, the Court will grant Plaintiff's motion.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. §157(b), and venue is proper before this Court pursuant to 28 U.S.C. §1408. Both parties have consented to entry of final orders by this Court. *See* ECF 1; ECF 27.

The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52, made applicable to this adversary proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. To the extent appropriate, the following findings of fact shall be deemed conclusions of law and *vice versa*.

## **Findings of Fact**

The following facts are not in dispute. On April 8, 2019, the Debtor/Defendant Hilda Harispe (the "Debtor") filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code. On April 22, 2019, the Debtor converted the case to Chapter 7.

Prior to February 22, 2019, the Debtor owned property located at 21115 Virginia Pine Terrace, Germantown, MD 20876, individually, in fee simple. According to the Debtor's schedules, the property has a value of $535,000 and is subject to a lien in the amount of $287,896. (Main case ECF 10). On February 22, 2019, the Debtor transferred this property to herself and co-Defendant Patricio Geldre-Aburto as tenants by the entireties for no consideration. (ECF 8, Ex. A).

On the date of the transfer, according to Debtor's Schedule E/F, the Debtor had eleven unsecured creditors. (Main case ECF 10). Debtor's original Schedule E/F, filed April 22, 2019, listed a debt to Statebridge Company, LLC as undisputed. (Main case ECF 10). Debtor's Amended Schedule E/F, filed August 20, 2019, lists the debt to Statebridge as disputed. (Main case ECF 39).

**Conclusions of Law**

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides, in part:

> A party may move for summary judgment, identifying each claim or defense--
> or the part of each claim or defense--on which summary judgment is sought.
> The court shall grant summary judgment if the movant shows that there is no
> genuine dispute as to any material fact and the movant is entitled to judgment
> as a matter of law. The court should state on the record the reasons for granting
> or denying the motion.

Fed. R. Civ. Proc. 56(a). One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The movant must establish that there are no material facts at issue and that he is entitled to judgment as a matter of law. *McLean, Koehler, Sparks & Hammond v. Hildebrand* (*In re Hildebrand*), 230 B.R. 72, 74 (Bankr. D. Md. 1999) (citing *Celotex*, 477 U.S. at 322-323). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### I. The Transfer of Property is Avoidable

Section 544(b)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2), the trustee may avoid any transfer of an interest
> of the debtor in property or any obligation incurred by the debtor that is voidable under
> applicable law by a creditor holding an unsecured claim that is allowable under section
> 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1). To bring a claim under § 544(b), a trustee must show that there is: "(1) an unsecured creditor, (2) who holds an allowable unsecured claim under section 502, and (3) who could avoid the transfers at issue under applicable [state] law." *In re Abell*, 549 B.R. 631, 663 (Bankr. D. Md. 2016) (Catliota, J.) (citations omitted). In this case, it is undisputed that there are at least ten unsecured creditors who hold "allowable unsecured claim[s] under section 502" and "who could avoid the transfers at issue under applicable [state] law."

As for the third requirement of a 544(b)(1) claim, the applicable law invoked by Plaintiff in this case is Maryland Family Law Code § 4-301(d)(2), which provides:

> (2) (i) A transfer of property between spouses is invalid if made in prejudice of the rights of present creditors.
> (ii) A claim under this paragraph shall be asserted within 3 years after the transfer or be barred absolutely.
> (iii) For purposes of this paragraph, all claims are considered due and matured.

Under a previous version of this fraudulent conveyance law, the Maryland Court of Appeals found that a transfer of property from one spouse to both as tenants by the entireties was a transfer between spouses subject to this provision and that "the effect of" such transfer was "to hinder, delay, and defraud" present creditors. *Robbins v. Dorsey*, 132 A. 633, 635 (Md. 1926). In addition, it is undisputed that the trustee is asserting this claim "within 3 years after the transfer."

Once the trustee establishes the existence of a prejudiced creditor existing at the time of the transfer, Section 544(b) renders the transfer avoidable for the benefit of all creditors.

> To use the vernacular, in order to get his foot in the door, a trustee must establish that there was a creditor existing at the time of the transfer who was still around at the time of the filing of the bankruptcy case. In other words, if any existing unsecured creditor could reach an asset of the debtor outside of bankruptcy, the trustee can use § 544(b) to obtain that asset for the bankruptcy estate for division among all unsecured creditors, not just the triggering creditor.

*In re McGee*, No. 05-33727-PM, 2007 WL 1728710, at *1 (Bankr. D. Md. June 12, 2007) (Mannes, J.) (citing *In re Leonard*, 125 F.3d 543, 544-45 (7th Cir. 1997)).

While the Statebridge debt is now listed as "disputed" on Debtor's Amended Schedule E/F, filed August 20, 2019, there are ten other undisputed unsecured debts, totaling $221,408.86, that could serve as a basis for this avoidance claim. Therefore, while it is possible that the Statebridge claim may qualify as genuinely disputed, it is not a material fact for the purposes of this summary judgment motion.

**II. The Trustee is Entitled to Summary Judgment Disallowing Exemption of the Property**

Count VIII of the Complaint seeks disallowance of any exemption the Debtor might assert in the Property pursuant to 11 U.S.C. § 522(g). Section 522(g) of the Bankruptcy Code provides:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if--

> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property; or
> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

It is undisputed that the transfer was voluntary, and it is not possible for the Debtor to utilize 11 U.S.C. § 522(f)(1)(B) because that provision does not apply to real property. Seeking summary judgment on this issue does not carry the same requirements as objecting to exemptions asserted by Debtors and therefore the procedural requirements of Local Rule of Bankruptcy Procedure 4003-1 do not apply.

The requirements of § 522(g) are for the Debtor to satisfy when property is brought back into the estate, and the Trustee is here seeking a holding that the Debtor cannot satisfy that provision. "The purpose of section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." *Hitt v. Glass* (*In re Glass*), 164 B.R. 759, 764 (9th Cir. B.A.P. 1994), *aff'd*, 60 F.3d 565 (9th Cir. 1995) (citation omitted). In this case, there was a voluntary transfer that triggered avoidance powers, and now the Trustee is seeking a holding that section 522(g) prevents a claim of exemption. As the Tenth Circuit has held, "[a] debtor should not be afforded any benefit from fraudulent conduct that necessitates additional proceedings for a trustee to secure the assets for the debtor's creditors." *In re Duncan*, 329 F.3d 1195, 1201 (10th Cir. 2003); *see also In re Nersinger*, 361 B.R. 32, 34 (Bankr. W.D.N.Y. 2007) ("the right of a debtor to claim any additional exemption in the avoided and preserved lien, or the underlying property previously subject to the lien, can only be exercised after the avoidance and preservation, and then only if the debtor can prevail under the specific provisions of Section 522(g).").

## Conclusion

For the above reasons, this Court concludes that Plaintiff Nesse is entitled to summary judgment on Counts VII and VIII. A separate order will issue.

cc Debtor and co-Defendant
Debtor and co-Defendant's Counsel

Chapter 7 Trustee/Plaintiff
US Trustee
All creditors

**END OF ORDER**